UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>SANJEEV BATRA,<br><br>        Defendant. | CASE NO. 1:16-cv-01940-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

Plaintiff's complaint is before the Court for screening.

**I.    Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. Plaintiff's Allegations

Plaintiff is detained at Coalinga State Hospital ("CSH"), where the acts giving rise to his complaint occurred. He names Dr. Sanjeev Batra, in his individual and official capacities, as the sole defendant.

His allegations may be summarized essentially as follows.

Plaintiff was housed on Unit 6 for nine years. In November 2016, he was transferred to the Medical Unit, MA2, and was housed there for seven days. On

December 6, 2016, Plaintiff appeared before the medical team for discharge back to Unit 6. The team approved his discharge and signed a transfer order.

The following day, however, Plaintiff remained in MA2. According to Plaintiff, Defendant Batra blocked Plaintiff's return to Unit 6 as punishment for Plaintiff having refused an angiogram the day before.

As of the date of his complaint, December 28, 2016, Plaintiff remained in MA2. According to Plaintiff, he is subject to lock-down restrictions in MA2. He believes his continued placement there is punishment for refusing an angiogram and for bringing this action. He claims that Batra's actions also constitute elder abuse and false imprisonment.

He seeks money damages. He also appears to seek declaratory and injunctive relief.

### IV. Analysis

#### A. Official Capacity Claims

Plaintiff names Defendant in both his official and individual capacities.

Plaintiff's official capacity claim for damages against the Defendant is barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169-70 (1985) (Eleventh Amendment immunity from damages in federal court action against state remains in effect when state officials are sued for damages in their official capacity). This claim will be dismissed. It is incapable of being cured through amendment.

However, the Eleventh Amendment "does not bar actions for declaratory or injunctive relief brought against state officials in their official capacity." Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 (9th Cir. 1991). Here, Plaintiff appears to request declaratory relief. However, his requested declaratory relief merely requests a declaration that his rights were violated. Because his claim for damages necessarily entails a determination on these issues, his separate request for declaratory relief is subsumed by those claims, and therefore will be dismissed. Rhodes v. Robinson, 408

F.3d 559, 566 n.8 (9th Cir. 2005).

Plaintiff also appears to request injunctive relief, in that he requests the reversal of Defendant's opposition to his return to Unit 6. While such relief may be available to Plaintiff against a Defendant acting in his official capacity, official capacity claims also must allege that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985). Plaintiff must establish an affirmative causal link between the policy at issue and the alleged constitutional violation. See City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 391-92 (1989); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992). Here, Plaintiff identifies no policy or custom associated with the violation.

Plaintiff's official capacity claims will be dismissed. Plaintiff will be given leave to amend.

### B. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Although Plaintiff is not a prisoner, this same standard has been extended to civil detainees. E.g., Williams v. Madrid, 609 F. App'x 421 (9th Cir. 2015).

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco. Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a

4

plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003) (finding that a prisoner establishes a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

The third prong can be satisfied by various activities. Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights litigation similarly is protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively show that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532.

Plaintiff claims he was retaliated against for refusing an angiogram and for bringing this action. Plaintiff's bringing of this action cannot serve as the basis of his retaliation claim because it occurred after the alleged retaliation. Thus, the alleged retaliation could not have been motivated by his bringing the instant action. Plaintiff does, however, have a constitutional right to refuse medical care, Cruzan by Cruzan v. Dir., Mo. Dept. of Health, 497 U.S. 261, 278 (1990) (A "competent person has a

5

constitutionally protected liberty interest in refusing unwanted medical treatment."), and such refusal preceded Defendant's decision to hold Plaintiff in the medical unit.

Nonetheless, the facts alleged do not suggest that Defendant was motivated by retaliatory animus, rather than legitimate medical concerns. On its face, the decision to house Plaintiff in the medical unit pending an angiogram has a logical relationship to Plaintiff's health and safety. Absent further facts to suggest otherwise, Plaintiff fails to state a claim. He will be given leave to amend.

### C. Punitive Conditions of Confinement

Plaintiff claims he is being punished for refusing an angiogram.

Certain rights of detainees, like those of convicted prisoners, "may be limited or retracted if required to 'maintain institutional security and preserve internal order and discipline.'" Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008). However, a civil detainee "cannot be subjected to conditions that 'amount to punishment.'" Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004) (explaining that conditions of confinement claims brought by civil detainees are evaluated under the "more protective" Fourteenth Amendment substantive due process standard, and that civil detainees are entitled to less restrictive treatment than criminally convicted prisoners) (quoting Bell v. Wolfish, 441 U.S. 520, 535 (1979)).

Punitive conditions may be shown (1) where the challenged restrictions are expressly intended to punish; or (2) where the challenged restrictions serve an alternative non-punitive purposes but are nonetheless excessive in relation to the alternative purpose, or are employed to achieve objectives that could be accomplished by alternative and less harsh methods. Id. Legitimate, non-punitive government interests include ensuring a detainee's presence at trial, maintaining jail security, and effective management of a detention facility. Id.

As stated above, the facts alleged do not suggest any punitive purpose in Defendant's decision to house Plaintiff on the medical unit pending an angiogram.

6

Absent facts to suggest that this decision was illegitimate or excessive, Plaintiff fails to state a claim regarding unconstitutional punishment. He will be given leave to amend.

### D. Disciplinary Actions

Plaintiff does not indicate that his continued placement in the medical unit is a result of disciplinary action for violation of institutional rules or regulations. Nonetheless, the Court will provide Plaintiff with the legal standard applicable to such a claim.

Civil detainees have a liberty interest in not being disciplined without due process. See Rhoden v. Carona, No. SACV 08-00420 JHN (SS), 2010 WL 4449711, at *21 (C.D. Cal. Aug. 24, 2010) (citing Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996) (requiring pretrial detainees be afforded a hearing prior to being subjected to disciplinary action)); see also Cerniglia v. Cty. of Sacramento, No. 2:99-cv-01938-JKS-DAD, 2008 WL 1787855, at *14 (E.D. Cal. Apr. 18, 2008) (noting that "[c]ontrolling law in this circuit is that due process requires that a pretrial detainee be provided a hearing before being subjected to internal disciplinary action" and seeing no reason not to extend that principle to civil detainees).

The Supreme Court has outlined the minimum procedural protections due before a detainee may be deprived of a liberty interest effecting major changes in the conditions of confinement amounting to punishment. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Mitchell v. Dupnik, 75 F.3d at 525 (applying Wolff to pretrial detainees); Rhoden, 2010 WL 4449711, at *22 (applying Wolff to civil detainees.) They are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 563-71.

7

If Plaintiff contends that he was subject to disciplinary action without due process, he must allege facts to meet the legal standard set forth above. He will be given leave to amend.

### E. State Law Claims

. The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Furthermore, to bring a tort claim under California law, Plaintiff must allege compliance with the California Tort Claims Act ("CTCA"). Under the CTCA, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board ("VCGCB") within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1240 (2004).

Here, Plaintiff has alleged no cognizable federal claims and has not pled compliance with the CTCA. Accordingly, the Court does not have jurisdiction to address Plaintiff's claims. The legal standards applicable to what appear to be his intended claims and associated pleading defects are provided below. Plaintiff will be given leave to amend.

### 1. Elder Abuse

Plaintiff appears to reference the Elder Abuse and Dependent Adult Civil Protection Act ("Act"). See Cal. Welf. & Inst. Code §§ 15600 et seq. The Act provides for liability for physical abuse or neglect where the defendant acted with recklessness, oppression, fraud or malice in the commission of the abuse. See Cal. Welf. & Inst. Code § 15657. Plaintiff fails to demonstrate applicability of the Act. He does not allege facts that he is an "elder" or "dependent adult", see Cal. Welf. & Inst. Code §§ 15610.23, 15610.27; that he suffered physical or mental harm or was deprived of necessities to avoid such harm, see Cal. Welf. & Inst. Code § 15610.07; or that he has standing to enforce the Act, see Cal. Welf. & Inst. Code §§ 15600(i)(j), 15656 15657-15657.8. Plaintiff's conclusory allegations fail to allege a violation of the Act and therefore fail to state a claim.

### 2. False Imprisonment

Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting Asgari v. City of Los Angeles, 15 Cal. 4th 744, 757, 63 Cal. Rptr. 2d 842, 937 P.2d 273 (1997)). The elements of false imprisonment are: "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." Easton v. Sutter Coast Hospital, 80 Cal. App. 4th 484, 496 (2000) (citation omitted).

Plaintiff is a detainee committed to the custody of Department of State Hospitals. Plaintiff has not alleged facts supporting a claim that he was confined without lawful privilege. Therefore, Plaintiff fails to state a claim for false imprisonment claim.

### V. Conclusion and Order

Plaintiff's complaint does not state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that

the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed December 30, 2016;

3. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: January 29, 2017        /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE