UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>   Plaintiff,<br><br> v.<br><br>SANJEEV BATRA,<br><br>   Defendant. | CASE NO. 1:16-cv-01940-MJS (PC)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br> **(ECF No. 8)**<br><br>**CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

On January 30, 2017, the Court dismissed Plaintiff's complaint but gave leave to amend. (ECF No. 7.) Plaintiff's first amended complaint is before the Court for screening. (ECF No. 8.)

**I. Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II. Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. Plaintiff's Allegations

Plaintiff is detained at Coalinga State Hospital ("CSH"), where the acts giving rise to his complaint occurred. He names Dr. Sanjeev Batra as the sole defendant.

His allegations may be summarized essentially as follows.

On December 6, 2010 Defendant Batra recommended that Plaintiff undergo an angiogram. Plaintiff refused. Batra retaliated by keeping Plaintiff in the medical unit. He wrote false medical information in Plaintiff's chart.

2

Plaintiff sought a second opinion and, on January 30, 2017, was transferred to the Twin City Medical Center in Templeton, California. There, Plaintiff was treated for pneumonia. Additional tests were run on Plaintiff's heart by Dr. Gordon, a resident, and Dr. Twicks, a cardiologist. The doctors determined that Plaintiff's heart was okay and that an angiogram was not needed.

Plaintiff does not specify any relief other than to have his original complaint reinstated.

## IV. Analysis

### A. Magistrate Judge Jurisdiction

Plaintiff complains that the undersigned does not have authority to screen his complaint.

"Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, Plaintiff has consented (ECF No. 4), but Defendant Batra has not been served or appeared. Batra, therefore is not yet party to this action. See Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4."). Accordingly, all those who are presently parties have consented pursuant to § 636(c)(1) and the undersigned Magistrate Judge has jurisdiction to dismiss this matter. See Wilhelm v. Rotman, 680 F.3d 1113, 1119-21 (9th Cir. 2012); see also Williams v. Gen. Elec. Capital Auto Lease, Inc., 159 F.3d 266, 269 (7th Cir. 1998) ("[T]he lack of consent of someone who is not a party to an action does not deprive the magistrate judge of jurisdiction."); Williams v. Los Angeles Superior Court, No. 14-4165, 2014 WL 2533804, *4 n.5 (C.D. Cal. June 4, 2014) ("When, as here, the petitioner has consented to magistrate judge jurisdiction and the respondent has neither been served with process nor appeared in the action, a

magistrate judge may properly exercise consent jurisdiction over the case pursuant to Section 636(c)(1), including by ordering that dismissal of the action is warranted.").

Plaintiff's request to reinstate his prior complaint on this basis will be denied.

**B.    Rule 8**

Federal Rule of Civil Procedure 8(a)(3) requires that a pleading contain "a demand for the relief sought." Plaintiff's complaint does not comply with this requirement.

**C.    Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Although Plaintiff is not a prisoner, this same standard has been extended to civil detainees. E.g., Williams v. Madrid, 609 F. App'x 421 (9th Cir. 2015).

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco. Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003) (finding that a prisoner establishes a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

The third prong can be satisfied by various activities. Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d

4

1135, 1138 (9th Cir. 1989). Pursuing a civil rights litigation similarly is protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively show that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532.

Plaintiff claims he was retaliated against for refusing an angiogram, bringing this action, and complaining about Batra to other staff. Plaintiff's bringing of this action cannot serve as the basis of his retaliation claim because it occurred after the alleged retaliation. Thus, the alleged retaliation could not have been motivated by his bringing the instant action. Plaintiff does, however, have a constitutional right to refuse medical care, Cruzan by Cruzan v. Dir., Mo. Dept. of Health, 497 U.S. 261, 278 (1990) (A "competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment."), and such refusal preceded Defendant's decision to hold Plaintiff in the medical unit.

Nonetheless, the facts alleged do not suggest that Defendant was motivated by retaliatory animus, rather than legitimate medical concerns. On its face, the decision to house Plaintiff in the medical unit pending an angiogram has a logical relationship to Plaintiff's health and safety. Furthermore, additional physicians, including a cardiologist, determined that further testing of Plaintiff's heart was warranted. Plaintiff has presented

no facts to suggest that Batra was motivated by anything other than medical concerns in making his decision. Absent further facts to suggest otherwise, Plaintiff fails to state a claim.

Plaintiff previously was advised on this standard but failed to cure noted deficiencies. Indeed, his amendment only serves to further indicate that Batra was not motivated by retaliation. Further leave to amend appears futile and will be denied.

### D.    Punitive Conditions of Confinement

Plaintiff claims he is being punished for refusing an angiogram.

Certain rights of detainees, like those of convicted prisoners, "may be limited or retracted if required to 'maintain institutional security and preserve internal order and discipline.'" Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008). However, a civil detainee "cannot be subjected to conditions that 'amount to punishment.'" Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004) (explaining that conditions of confinement claims brought by civil detainees are evaluated under the "more protective" Fourteenth Amendment substantive due process standard, and that civil detainees are entitled to less restrictive treatment than criminally convicted prisoners) (quoting Bell v. Wolfish, 441 U.S. 520, 535 (1979)).

Punitive conditions may be shown (1) where the challenged restrictions are expressly intended to punish; or (2) where the challenged restrictions serve an alternative non-punitive purposes but are nonetheless excessive in relation to the alternative purpose, or are employed to achieve objectives that could be accomplished by alternative and less harsh methods. Id. Legitimate, non-punitive government interests include ensuring a detainee's presence at trial, maintaining jail security, and effective management of a detention facility. Id.

Once again, the facts alleged do not suggest any punitive purpose in Defendant's decision to house Plaintiff on the medical unit pending an angiogram. Plaintiff's mere suggestion that an angiogram was unnecessary is insufficient to suggest a punitive

purpose, particularly in light of the additional testing performed by other physicians. Plaintiff fails to state a claim regarding unconstitutional punishment. Leave to amend will be denied.

### E. Disciplinary Actions

Plaintiff states he was subjected to discipline without due process. However, the facts alleged do not indicate that his continued placement in the medical unit is a result of disciplinary action for violation of institutional rules or regulations. Plaintiff's conclusory allegation that his retention on the medical unit was disciplinary is insufficient to state a claim.

Plaintiff previously was advised of the legal standards applicable to such a claim and has failed to cure noted defects. Further leave to amend appears futile and will be denied.

### V. Conclusion and Order

Plaintiff's first amended complaint does not state a cognizable claim for relief. He previously was advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and will be denied.

Accordingly, it is HEREBY ORDERED that:

1. The action is DISMISSED without leave to amend for failure to state a claim; and
2. The Clerk of the Court shall terminate all pending motions and close the case.

IT IS SO ORDERED.

Dated:   March 6, 2017                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE

7