UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>SANJEEV BATRA,<br><br>Defendant. | CASE NO. 1:16-cv-01940-MJS (PC)<br><br>**ORDER DIRECTING CLERK'S OFFICE TO ASSIGN MATTER TO A DISTRICT JUDGE**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO RECUSE MAGISTRATE JUDGE**<br><br>(ECF NO. 17)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>(ECF NO. 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 4.) No other parties have appeared in this action.

On March 07, 2017, the undersigned screened Plaintiff's first amended complaint

(ECF No. 8) and dismissed the action for failure to state a claim. (ECF No. 9.) Plaintiff appealed. (ECF No. 11.) On January 25, 2018, the Ninth Circuit Court of Appeals vacated the dismissal and remanded on the ground that the undersigned lacked jurisdiction to issue such an order. (ECF Nos. 15, 16.)

The case has been reopened and Plaintiff's first amended complaint is again before the Court for screening. (ECF No. 8.)

I. **Williams v. King**

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil claim. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court held that a magistrate judge does not have jurisdiction to dismiss a claim with prejudice during screening even if the plaintiff has consented to magistrate judge jurisdiction if all parties have not consented. Williams, 875 F.3d, at 501. Since the Defendants were not yet served and had not appeared or consented to magistrate judge jurisdiction, the Ninth Circuit vacated this Court's dismissal on the grounds that jurisdiction had not vested in the undersigned when the first amended complaint was screened. (Id.) The Ninth Circuit did not reach the merits of the undersigned's screening order.

Because the undersigned nevertheless stands by the analysis of Plaintiff's claims set forth in the previous screening order, the undersigned will below recommend to the District Judge that the first amended complaint be dismissed without leave to amend for failure to state a claim.

II. **Findings and Recommendations on First Amended Complaint**

   A. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

2

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Pleading Standard

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### C. Plaintiff's Allegations in First Amended Complaint

Plaintiff is detained at Coalinga State Hospital ("CSH"), where the acts giving rise to his complaint occurred. He names Dr. Sanjeev Batra as the sole defendant.

3

His allegations may be summarized essentially as follows.

On December 6, 2010 Defendant Batra recommended that Plaintiff undergo an angiogram. Plaintiff refused. Batra retaliated by keeping Plaintiff in the medical unit. He wrote false medical information in Plaintiff's chart.

Plaintiff sought a second opinion and, on January 30, 2017, was transferred to the Twin City Medical Center in Templeton, California. There, Plaintiff was treated for pneumonia. Additional tests were run on Plaintiff's heart by Dr. Gordon, a resident, and Dr. Twicks, a cardiologist. The doctors determined that Plaintiff's heart was okay and that an angiogram was not needed.

### D. Analysis

#### 1. Magistrate Judge Jurisdiction

Plaintiff complains that the undersigned does not have authority to screen his complaint. As noted above, the Ninth Circuit effectively agreed and remanded this case because of lack of Magistrate Judge jurisdiction. Accordingly, dispostive actions, if any, must be referred to a district judge. See Williams, 875 F.3d, at 501.

#### 2. Rule 8

Federal Rule of Civil Procedure 8(a)(3) requires that a pleading contain "a demand for the relief sought." Plaintiff's complaint does not comply with this requirement.

#### 3. Retaliation

Plaintiff claims he was retaliated against for refusing an angiogram, bringing this action, and complaining about Batra to other staff.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Although Plaintiff is not a prisoner, this same standard has been extended to civil detainees. E.g., Williams v. Madrid, 609 F. App'x 421 (9th Cir. 2015).

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco. Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003) (finding that a prisoner establishes a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

The third prong can be satisfied by various activities. Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights litigation similarly is protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively show that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532.

Plaintiff's bringing of this action cannot serve as the basis of his retaliation claim because it occurred <u>after</u> the alleged retaliation; the alleged retaliation could not have been motivated by the filing of the instant action.

Plaintiff does, however, have a constitutional right to refuse medical care, <u>Cruzan by Cruzan v. Dir., Mo. Dept. of Health</u>, 497 U.S. 261, 278 (1990) (A "competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment."), and such refusal preceded Defendant's decision to hold Plaintiff in the medical unit.

Nonetheless, the facts alleged do not suggest that Defendant was motivated by retaliatory animus, rather than legitimate medical concerns. On its face, the decision to house Plaintiff in the medical unit pending an angiogram has a logical relationship to Plaintiff's health and safety. Further, additional physicians, including a cardiologist, determined that further testing of Plaintiff's heart was warranted. Plaintiff has presented no facts to suggest that Batra was motivated by anything other than medical concerns in making his decision. Absent further facts to suggest otherwise, Plaintiff fails to state a claim.

Plaintiff previously was advised of this standard but failed to cure the noted deficiencies. Indeed, his amendment only serves to further indicate that Batra was not motivated by retaliation. Further leave to amend appears futile and should be denied.

### 4. **Punitive Conditions of Confinement**

Plaintiff claims he is being punished for refusing an angiogram.

Certain rights of detainees, like those of convicted prisoners, "may be limited or retracted if required to 'maintain institutional security and preserve internal order and discipline.'" <u>Pierce v. County of Orange</u>, 526 F.3d 1190, 1209 (9th Cir. 2008). However, a civil detainee "cannot be subjected to conditions that 'amount to punishment.'" <u>Jones v. Blanas</u>, 393 F.3d 918, 931-32 (9th Cir. 2004) (explaining that conditions of confinement claims brought by civil detainees are evaluated under the "more protective" Fourteenth Amendment substantive due process standard, and that civil detainees are entitled to

less restrictive treatment than criminally convicted prisoners) (quoting Bell v. Wolfish, 441 U.S. 520, 535 (1979)).

Punitive conditions may be shown (1) where the challenged restrictions are expressly intended to punish; or (2) where the challenged restrictions serve an alternative non-punitive purposes but are nonetheless excessive in relation to the alternative purpose, or are employed to achieve objectives that could be accomplished by alternative and less harsh methods. Id. Legitimate, non-punitive government interests include ensuring a detainee's presence at trial, maintaining jail security, and effective management of a detention facility. Id.

Once again, the facts alleged do not suggest any punitive purpose in Defendant's decision to house Plaintiff on the medical unit pending an angiogram. Plaintiff's mere suggestion that an angiogram was unnecessary is insufficient to suggest a punitive purpose, particularly in light of the additional testing performed by other physicians. Plaintiff fails to state a claim regarding unconstitutional punishment. These claims should be dismissed and leave to amend should be denied.

### 5. Disciplinary Actions

Plaintiff states he was subjected to discipline without due process. However, the facts alleged do not indicate that his continued placement in the medical unit is a result of disciplinary action for violation of institutional rules or regulations. Plaintiff's conclusory allegation that his retention on the medical unit was disciplinary is insufficient to state a claim.

Plaintiff previously was advised of the legal standards applicable to such a claim and has failed to cure noted defects. Further leave to amend appears futile and should be denied.

## III. Motion for Appointment of Counsel

Plaintiff has filed a motion requesting the appointment of legal counsel. (ECF No. 17.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved. Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. And, based on a review of the record in this case, even though the issues are complex, the court does not find that Plaintiff cannot adequately articulate his claims. Id. Accordingly this motion will be DENIED.

**IV.  Motion for Disqualification**

Plaintiff has filed a motion requesting that the undersigned be recused. (ECF No. 17.) He contends that the undersigned is biased and prejudiced against him. The request will be denied.

Plaintiff relies on Federal Rules of Civil Procedure 59(e) and 60(b)(1)(2)(6). These rules do not provide a legal basis for disqualification. Motions to disqualify or recuse a judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that

the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. See 28 U.S.C. § 144. Similarly, § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," 28 U.S.C. § 455(b)(1).

A judge finding a § 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. See id.; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. Sibla, 624 F.2d at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient). An affidavit filed pursuant to § 144 "is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." Id. at 868 (citation omitted).

The substantive test for personal bias or prejudice is identical under §§ 144 and 455. See Sibla, 624 F.2d at 867. Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under § 144 will raise a question concerning recusal under §§ 455(a) and (b)(1) as well. Sibla, 624 F.2d at 867. Under either statute, the bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings. Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky, 510 U.S. at 555.) "The Supreme Court has ... addressed the question of whether the personal bias or prejudice alleged in support of a motion for recusal ... must stem

from an extrajudicial source. The Court determined that judicial rulings may support a motion for recusal, but only 'in the rarest circumstances' where they evidence the requisite degree of favoritism or antagonism." United States v. Chischilly, 30 F.3d 1144, 1149 (9th Cir. 1994) *overruled on other grounds by* United States v. Preston, 751 F.3d 1008 (9th Cir. 2014) (quoting Liteky, 510 U.S. at 555). Thus, adverse rulings generally are "not sufficient to require recusal, even if the number of such rulings is extraordinarily high." McCalden v. Cal. Library Ass'n, 955 F.2d 1214, 1224 (9th Cir. 1990) (citation omitted).

Plaintiff's claim of bias appears to be based solely on the undersigned's adverse ruling against him. The undersigned screened and dismissed several of Plaintiff's prior actions. These dismissals were remanded due to lack of jurisdiction and have been or are being re-screened and referred to a district judge. These contentions do not raise a question of bias or partiality on the part of the undersigned such as to indicates the requisite degree of antagonism or favoritism. The allegations are insufficient under §§ 144 and 455. There is no basis for disqualification. This motion will therefore be denied.

**VIII.  Conclusion, Order, and Recommendation**

Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 4.) However, no defendants have appeared or consented. Accordingly, the Clerk's Office is HEREBY DIRECTED to randomly assign this matter to a district judge pursuant to Local Rule 120(e).

It is HEREBY ORDERED that Plaintiff's motion (ECF No. 17) for appointment of counsel and for the undersigned magistrate judge to be recused is DENIED.

Additionally, Plaintiff's first amended complaint fails to state a cognizable claim. Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED without leave to amend.

These findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the

parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: February 20, 2018        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE